JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kevin Wingfield

## DEFENDANTS

Cornell Abraxas Group, LLC and The GEO Group, INC.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Allegheny
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Wesley Cornish, Cornerstone Legal Group 230 S Broad
St, 17th FL Philadelphia, PA 19102 P:888-313-1385

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. § 1983, et al.,
Brief description of cause:
Deprivation of Federal Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____    DOCKET NUMBER _____

DATE    March 7, 2026

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 215 W Walnut Lane, Philadelphia, PA 19144

Address of Defendant: _____ 2840 Liberty Avenue, Suite 300  Pittsburgh, Pennsylvania 15222

Place of Accident, Incident or Transaction: _____ 1000 Academy Dr, Morgantown, PA 19543

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?

   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/07/2026 _____     _____ *Attorney-at-Law / Pro Se Plaintiff*     310865 _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David Wesley Cornish , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 03/07/2026 _____     _____ *Attorney-at-Law / Pro Se Plaintiff*     310865 _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

| | | |
|---|---|---|
| Kevin Wingfield (Plaintiff) | : | **United States District Court** |
| | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| | : | |
| **Cornell Abraxas Group, LLC, and** | : | **Civil Division – Civil Rights** |
| **The GEO Group Inc., (Defendants).** | : | **Case No.: _____** |

## COMPLAINT

**AND NOW** come the Plaintiff, Kevin Wingfield, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. Thus, the facility acts as an arm of the Commonwealth, providing a core public function, and is a state actor for purposes of liability under 42 U.S.C. § 1983.

4. The young, at-risk clients placed under the care of Cornell Abraxas Group, LLC., and The GEO Group Inc., ("Abraxas"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment

due to the inexcusable culture Abraxas cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

5.  The Plaintiff brings claims against the above-named Defendant for various torts and other injuries caused to him during his residency.

## II.    Parties

6.  Plaintiff, **Kevin Wingfield** is an adult individual and resident of the Commonwealth of Pennsylvania.

7.  Defendant, **Cornell Abraxas Group, LLC, ("Abraxas")** with a corporate office at 2840 Liberty Avenue, Suite 300, Pittsburgh, Pennsylvania 15222.

8.  Defendant, **The GEO Group Inc., ("GEO Group")** with a corporate office at 4955 Technology Way Boca Raton, FL 33431.

9.  The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.    Facts

10. Abraxas receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific Abraxas facility as part of a rehabilitation or treatment process. Abraxas conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. Abraxas is a treatment center that serves almost exclusively legally referred clients. Abraxas had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Allegheny County.

### *Kevin Wingfield's Experience*

11. Plaintiff was court-ordered to reside at Abraxas.

12. At all times relevant hereto, Plaintiff was a victim of abuse during his time at Defendant Abraxas's facility by its staff members.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving assault while he was housed at the Defendant's facility:

   a. Plaintiff was court ordered to live at Abraxas Academy when he was a juvenile, although he does not recall his exact dates of admission, residency, and/or discharge, and believes it was between approximately 2010-2012 when he was approximately 16-17 years old.

   b. Plaintiff avers he resided at Abraxas Academy for at least part of his commitment to Abraxas and endured sexual abuse while there.

   c. **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** were staff members assigned to care for and maintain Plaintiff's safety while Plaintiff resided at Abraxas Academy.

   d. **Ms. Wynberry** on more than one instance, in an almost identical manner, sexually abused Plaintiff by forcing the Plaintiff to touch her vagina.

   e. **Ms. Wynberry** would send sexualized letters "professing her love" for the Plaintiff.

   f. Multiple times, Plaintiff was not allowed to go to the community eating area or gym, thus forced him to stay with **Ms. Wynberry** in isolation, and she would then watch the Plaintiff get undressed in his room while masturbating herself, in front of Plaintiff, and upon completion of this act would then require the Plaintiff to lick "her juices" off of her fingers.

   g. In other occasions, in the laundry room, **Ms. Wynberry** would engage in oral sex including forcing the Plaintiff to place his mouth and tongue onto her vagina, in addition to raping Plaintiff by forcing him to insert his penis into her vagina.

h. **Ms. Wynberry** who raped Plaintiff on multiple occasions forced Plaintiff to ejaculate inside her vagina, while vocalizing to him that she wants to have his son.

i. Other staff members, **Ms. Bryant & Mrs. Colon**, also wrote notes to plaintiff and watched him while forcing him to engage in masturbation.

j. Plaintiff tried to stop **Ms. Wynberry, Ms. Bryant, and Ms. Colon** from sexually abusing him, yet was scared if he did so he would provide negative information about Plaintiff to his supervisory authorities which could jeopardize his ability to be released from Abraxas' custody.

k. On a separate occasion, **Mr. Nunez**, blackmailed Plaintiff and threatened him with adverse consequences, unless he did what was sexually told of him.

l. **Mr. Nunez,** would force other youths to masturbate the Plaintiff while watching them and touching himself.

m. **Mr. Nunez,** would verbalize his desires for the Plaintiff and sexualize Plaintiff's body prior to forcing his fingers in Plaintiff's anus.

n. In other situation, **Mr. Nunez** and another staff, physically assaulted the Plaintiff by breaking his arm, causing him severe pain as a technique to try and conceal via violence, the sexual abuse Plaintiff was forced to endure.

o. In other occasions, **Mr. Nunez**, would attempt to make the Plaintiff drink semen from a medicine cup and when the plaintiff refused, **Mr. Nunez** would spit on the Plaintiff's face.

p. In other incidents another staff member, **Mr. Cox,** physically assaulted the Plaintiff by slamming him and restraining him multiple times.

q. **Mr. Cox,** caused the Plaintiff to sustain a concussion needing to seek medical treatment outside the Defendant's facility.

r. **Mr. Cox,** would also bend Plaintiff fingers back and lay on top of him while restraining him for prolonged amount of time leading Plaintiff to urinate on himself, and in one instance **Mr. Cox,**

punched his elbow on Plaintiff's stomach, and grabbed the Plaintiff's penis while threatening the

Plaintiff that he would rip his penis off, with this abuse and accompanying threats occurring on

multiple occasions.

s. **Mr. Cox,** would also make threats to Plaintiff about his lowering levels and status at the facility

or threatening to move him from his floor to a more isolated floor if Plaintiff ever disclosed the

sexual abuse he had to endure due to this staff member's actions.

15. Specifically, regarding staff member(s) **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, and Ms.**

**Bryant,** it is averred the physical contact made with Plaintiff's body was indecent contact for the

purpose of arousing the aforementioned individual(s).

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the

harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors

and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and

prevented disclosure to third-parties about any claims of child abuse against any staff member at any

facility operated by the Defendant.

**COUNT 1 – Violations of 42 U.S.C. § 1983 – (Kevin Wingfield v Cornell Abraxas Group, LLC)**

18. Plaintiffs allege and incorporates via reference the allegations contained in all the above paragraphs, as

fully as though the same were set forth herein at length.

19. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and

the Class from physical abuse and unreasonable or excessive force from Defendants. These

Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the

Class from known harms and known patterns of constitutional deprivations.

20. The facility failed, with deliberate indifference, to provide a safe custodial setting for Plaintiff, by failing

to properly train, supervise, and discipline the staff at the facility and as a proximate result of the

policies, practices, and customs, the Defendants subjected Plaintiff to excessive and unreasonable force, a failure to protect from harm, and other abuses alleged in this Complaint.

21. Defendants are liable to Plaintiffs and the Class under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

   **WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

   **COUNT 2 – Violations of 42 U.S.C. § 1983 – (Kevin Wingfield v The GEO Group, Inc.)**

22. Plaintiffs allege and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

23. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and the Class from physical abuse and unreasonable or excessive force from Defendants. These Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class from known harms and known patterns of constitutional deprivations.

24. The facility failed, with deliberate indifference, to provide a safe custodial setting for Plaintiff, by failing to properly train, supervise, and discipline the staff at the facility and as a proximate result of the policies, practices, and customs, the Defendants subjected Plaintiff to excessive and unreasonable force, a failure to protect from harm, and other abuses alleged in this Complaint.

25. Defendants are liable to Plaintiffs and the Class under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

   **WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages

legally recoverable including but not limited to compensatory, special, exemplary, and punitive

damages.

### Count 3 – Negligence (Kevin Wingfield v. Cornell Abraxas Group, LLC)

26. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

27. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists

it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the

Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other

applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to

Defendant's facility.

28. The damages sustained by Plaintiff Kevin Wingfield were directly, and proximately caused by the

carelessness, negligence, and/or recklessness of the Defendant at the Abraxas facility in the following

particulars:

    a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

    b. In failing to recognize, stop, and deter the employees and staff created an environment where

        employees and staff were allowed to perform the activities alleged in this pleading;

    c. In allowing staff and employees who Defendant knew or reasonably should have known to be

        inappropriate to have access to juvenile students and clients who are at-risk and who are in a

        position of inferiority;

    d. In failing to provide any oversight to the employees or staff given the written reports,

        complaints, and witnessing of these acts of abuse conducted by supervisors and administrators;

    e. In failing to take proper remedial measures to actively combat allegations of abuse by its

        employees, staff, or residents despite allegations of such abuse;

    f. In failing to ensure the safety for residents as required of a mental health and juvenile treatment

        and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*;

and all other related child abuse mandatory reporting requirement laws applicable to child

residential facilities, while Plaintiff was in its custody;

 g. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated;

29. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as

aforesaid, Plaintiff has suffered the following injuries:

 a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with

maintaining trust of others, forming friendships and relationships, and continues to isolate

himself;

 b. Plaintiff was deprived of educational opportunities, by the Defendant and;

30. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as

aforesaid, Plaintiff has suffered the following damages:

 a. Immense on-going embarrassment and humiliation;

 b. Loss of self-esteem and shame;

 c. Emotional distress;

 d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the

events described above.

 e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

 f. Severe mental anguish and trauma;

 g. Anxiety, depression, nausea and loss of sleep;

 h. A loss of enjoyment of life;

 i. A loss of the ability to form relationships and inability to trust others;

 j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to

trauma;

 k. Loss of educational opportunities and;

31. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and

Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an

amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages

legally recoverable including but not limited to compensatory, special, exemplary, and punitive

damages.

**Count 4 – Negligence (Kevin Wingfield v. The GEO Group, Inc.)**

26. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

27. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists

it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the

Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other

applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to

Defendant's facility.

28. The damages sustained by Plaintiff Kevin Wingfield were directly, and proximately caused by the

carelessness, negligence, and/or recklessness of the Defendant at the Abraxas facility in the following

particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b. In failing to recognize, stop, and deter the employees and staff created an environment where

   employees and staff were allowed to perform the activities alleged in this pleading;

   c. In allowing staff and employees who Defendant knew or reasonably should have known to be

   inappropriate to have access to juvenile students and clients who are at-risk and who are in a

   position of inferiority;

   d. In failing to provide any oversight to the employees or staff given the written reports,

   complaints, and witnessing of these acts of abuse conducted by supervisors and administrators;

e. In failing to take proper remedial measures to actively combat allegations of abuse by its employees, staff, or residents despite allegations of such abuse;

f. In failing to ensure the safety for residents as required of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its custody;

g. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated;

32. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

b. Plaintiff was deprived of educational opportunities, by the Defendant and;

33. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

f. Severe mental anguish and trauma;

g. Anxiety, depression, nausea and loss of sleep;

h. A loss of enjoyment of life;

i.  A loss of the ability to form relationships and inability to trust others;

j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

k.  Loss of educational opportunities and;

34. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### **Count 5 – Negligent Supervision (Kevin Wingfield v. Cornell Abraxas Group, LLC)**

35. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

36. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

37. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

38. The staff members' conduct, especially **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox**, in assaulting Plaintiff Kevin Wingfield, is so outrageous it shocks the conscious.

39. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

40. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

41. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

42. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant Abraxas, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

43. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

44. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

45. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c.  In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d.  In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e.  In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f.  In failing to adequately promulgate and enforce policies so as to prevent the abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

g.  In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

46. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 6 – Negligent Supervision (Kevin Wingfield v. The GEO Group Inc.)

47. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

48. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A.

§3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

49. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

50. The staff members' conduct, especially **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox**, in assaulting Plaintiff Kevin Wingfield, is so outrageous it shocks the conscious.

51. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

52. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

53. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

54. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant Abraxas, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

55. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

56. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

57. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

58. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages

legally recoverable including but not limited to compensatory, special, exemplary, and punitive

damages.

### Count 7 – Negligent Hiring and Retention (Kevin Wingfield v. Cornell Abraxas Group)

59. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

60. Defendant, knew and/or should have known prior to and/or contemporaneous with the relevant time

frame during which Plaintiff was abused by staff members that Plaintiff and other young children

affiliated and/or associated with Defendant were vulnerable to and potential victims of physical and/or

emotional abuse.

61. Defendant, also knew and/or should have known prior to and/or contemporaneous with the relevant time

frame during which Plaintiff was abused by staff members that the access to vulnerable youths, together

with the trust and authority placed in staff and/or teacher, which makes working at a juvenile residential

care facility an enticing profession for predators, and/or others seeking to abuse and exploit children.

62. Defendant, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control,

selection and/or retention of staff, teacher, counselor, counselors, priests, clergy, employees, agents,

servants, representatives, and/or ostensible agents, situated in and/or located at the Defendants, and

specifically a duty to be on high look out for possible pedophiles, predators, and others seeking to abuse

and exploit children.

63. Defendant, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection

and/or retention of other staff members as staff members, teacher, clergy, employee, agent, servant,

representative and/or ostensible agent, among other things, the following:

    a.  Failing to conduct a thorough and proper background check of **Ms. Wynberry, Mr. Nunez,**

        **Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members;

    b.  Failing to thoroughly and reasonably investigate **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr.**

        **Cox, Ms. Bryant, and Mr. Cox** and other staff members' or physical abuse history;

c.  Failing to learn of or investigate **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members' history of impropriety with young boys and/or girls and his proclivity to assault young boys and/or girls and/or physical and/or emotional abuse of children;

d.  Failing to conduct a thorough and proper interview of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members;

e.  Failing to use due care in the selection of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

f.  Failing to use due care in the retention of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

g.  Recklessly, negligently and/or carelessly failing to adequately check the background of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and staff members, before hiring him as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children; and

h.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff and/or teachers for the possibility of being predators and/or physical and/or emotional abusers.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 8 – Negligent Hiring and Retention (Kevin Wingfield v. The GEO Group, Inc.)

49. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

50. Defendant, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was abused by staff members that Plaintiff and other young children affiliated and/or associated with Defendant were vulnerable to and potential victims of physical and/or emotional abuse.

51. Defendant, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was abused by staff members that the access to vulnerable youths, together with the trust and authority placed in staff and/or teacher, which makes working at a juvenile residential care facility an enticing profession for predators, and/or others seeking to abuse and exploit children.

52. Defendant, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselor, counselors, priests, clergy, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or located at the Defendants, and specifically a duty to be on high look out for possible pedophiles, predators, and others seeking to abuse and exploit children.

53. Defendant, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of other staff members as staff members, teacher, clergy, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

a. Failing to conduct a thorough and proper background check of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members;

b.  Failing to thoroughly and reasonably investigate **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members' or physical abuse history;

c.  Failing to learn of or investigate **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members' history of impropriety with young boys and/or girls and his proclivity to assault young boys and/or girls and/or physical and/or emotional abuse of children;

d.  Failing to conduct a thorough and proper interview of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members;

e.  Failing to use due care in the selection of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

f.  Failing to use due care in the retention of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

g.  Recklessly, negligently and/or carelessly failing to adequately check the background of **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and staff members, before hiring him as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children; and

h.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen **Ms. Wynberry, Mr. Nunez, Mrs. Colon, Mr. Cox, Ms. Bryant, and Mr. Cox** and

other staff and/or teachers for the possibility of being predators and/or physical and/or emotional abusers.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 9 - Respondeat Superior (Kevin Wingfield v. Cornell Abraxas Group)

54. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

55. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

56. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

57. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

58. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

59. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 10 - Respondeat Superior (Kevin Wingfield v. The GEO Group Inc.)

60. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

61. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

62. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

63. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

64. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

65. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, Abraxas, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 11 – Negligent Infliction of Emotional Distress (Kevin Wingfield v. Cornell Abraxas Group, LLC)

66. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

67. The Defendant and its staff members via their negligent acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

68. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

69. Defendant had a duty to protect Plaintiff from harm.

70. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 12 – Negligent Infliction of Emotional Distress (Kevin Wingfield v. The GEO Group, Inc.)

71. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

72. The Defendant and its staff members via their negligent acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

73. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

74. Defendant had a duty to protect Plaintiff from harm.

75. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 13 – Intentional Infliction Emotional Distress (Kevin Wingfield v. Cornell Abraxas Group, LLC)

76. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

77. The Defendant and its staff members via their acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

78. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

79. Defendant had a duty to protect Plaintiff from harm.

80. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

81. Defendant and its staff members' conduct was extreme and outrageous.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 14 – Intentional Infliction Emotional Distress (Kevin Wingfield v. The GEO Group, Inc.)

82. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

83. The Defendant and its staff members via their acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

84. Plaintiff continues to suffer extreme emotional distress from being abused while a minor at Defendant's facility.

85. Defendant had a duty to protect Plaintiff from harm.

86. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

87. Defendant and its staff members' conduct was extreme and outrageous.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 15 – Breach of Fiduciary Duty (Kevin Wingfield v. Cornell Abraxas Group, LLC)

88. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

89. By virtue of their status as owners and/or supervisors of a juvenile residential care facility, Defendant, bore a fiduciary relationship to plaintiff and other children and persons at Abraxas.

90. Defendant, had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, clergy, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendants.

91. Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

92. Plaintiff suffered the above-averred harms and damages as a result of Defendant's, breach of their fiduciary duty.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 16 – Breach of Fiduciary Duty (Kevin Wingfield v. The GEO Group, Inc.)

82. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth fully herein.

83. By virtue of their status as owners and/or supervisors of a juvenile residential care facility, Defendant, bore a fiduciary relationship to plaintiff and other children and persons at Abraxas.

84. Defendant, had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, clergy, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendants.

85. Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

86. Plaintiff suffered the above-averred harms and damages as a result of Defendant's, breach of their fiduciary duty.

**WHEREFORE,** Plaintiff Kevin Wingfield demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**JURY TRIAL DEMAND**

146. Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

147. Plaintiffs demand a jury on all claims triable as a matter of right.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor Philadelphia, PA 19102
**ATTORNEY FOR PLAINTIFF**
*DATE*: March 7, 2026

## <u>VERIFICATION</u>

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification to authorities and/or the tribunal under both state and United States law.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
*DATE*: March 7, 2026